UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 21-cr-00303-ABJ |
| ) | |
| DEBORAH LEE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT DEBORAH LEE'S MOTION TO DISMISS**

John M. Pierce
John Pierce Law, P.C.
2550 Oxnard Street
3rd Floor, PMB# 172
Woodlands, Hills, CA 91367
 jpierce@johnpiercelaw.com
(213) 279-7648

*Attorney for Defendant*

1

NOW COMES Defendant DEBORAH LEE, by and through her counsel of record, John M. Pierce, Esq., and respectfully request this Honorable Court, dismiss the information filed in this action, pursuant to Fed. R. Crim. P. 12(b).

The Supreme Court granted certiorari in *Beckles* on several grounds, but ultimately resolved the case after only considering one—whether a defendant could bring a vagueness challenge against provisions of the "advisory Guidelines." *Beckles v. United States,* No. 15-8544, 2017 WL 855781 at *3 (U.S. 2017). The Court held that Beckles could not mount such a challenge.

While vagueness challenges have a place at sentencing, but only for "statutes fixing sentences." *Id*. at *5. Thus, ACCA's residual clause was subject to challenges because ACCA was a statute that fixed a sentence. Advisory Guidelines, however, provide only guidance to steer the discretion of judges and do not fix sentences. Historically, "districts courts 'had wide discretion to decide whether the offender should be incarcerated and for how long.'" *Id*. at *6, quoting *Mistretta v. United States*, 488 U.S. 361, 363 (1989). In "the long history of discretionary sentencing, this Court has 'never doubted the authority of a judge to exercise [such] broad discretion.'" *Id*., *quoting United States v. Booker*, 543 U.S. 220, 233 (2005). If a system with no discretion could not be challenged for vagueness, neither court a system that attempts to channel that discretion.

Therefore, because "they merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge." *Id*. at 7.  The same reason and logic apply here and explained:

1. The information, and each count of it, fails to allege facts sufficient to constitute an offense against the United States or the laws thereof.

2. The allegations contained in the information, and each count of it, are so vague, ambiguous, and indefinite that they do not inform the defendant of the nature of the case against her prevent her from adequately preparing a defense, and do not prevent the possibility of a subsequent prosecution for the same offense.

3. The information is vague and uncertain, and fails to be or contain a plain, concise, and definite written statement of the essential facts constituting the offense sought to be charged.

4. Various of the material allegations contained in the information are contradictory and inconsistent with each other, as a result of which the information fails to adequately and fairly inform the defendant of the offense sought to be charged against her.

5. The information was based on incompetent and insufficient evidence, and there was no substantial or rationally persuasive evidence submitted in support of the information.

Dated: June 13, 2022                     Respectfully Submitted,

                                               /s/ John M. Pierce
                                               John M. Pierce
                                               John Pierce Law, P.C.
                                               2550 Oxnard Street
                                               3rd Floor,  PMB# 172
                                               Woodlands, Hills, CA 91367
                                               jpierce@johnpiercelaw.com
                                               (213) 279-7648

                                           *Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, June 14, 2022, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ John M. Pierce
John M. Pierce

4