UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 21-cr-00303-ABJ |
| ) | |
| DEBORAH LEE ) | |
| ) | |
| Defendant ) | |

# DEFENDANT DEBORAH LEE'S MOTION *IN LIMINE* POSSIBLE SENTENCE

/s/ John M. Pierce
John M. Pierce
**JOHN PIERCE LAW P.C.**
21550 Oxnard Street
3rd Floor, PMB#172
Woodland Hills, CA 91637
(213) 279-7846
jpierce@johnpiercelaw.com

*Attorney for Defendant*

NOW COMES Defendant DEBORAH LEE, by and through her counsel of record, John M. Pierce, Esq., and respectfully request this Honorable Court issue an *in limine* Order to preclude to alleged closed circuit television security photographs (CCT photos) at the United States Capital Building on January 6, 2021.

The government cannot establish the proper foundation for admitting such evidence, as the Government cannot proffer a witness to verify that the CCT photos fairly and accurately depict what allegedly occurred in the photographs. It is a long-standing rule that a photograph is admissible in evidence if verified by a witness that it is a true and fair representation of the subject matter at issue at the relevant time. As a general rule, tangible evidence such as photographs must be properly identified or authenticated before being admitted into evidence at trial. Fed. R. Evid. *1330 **355 901(a); *Richardson v. Gregory,* 281 F.2d 626, 630 (D.C. Cir. 1960); *Mikus v. United States,* 433 F.2d 719 (2d Cir. 1970); *United States v. Hobbs,* 403 F.2d 977, 978-79 (6th Cir. 1968).

Authentication and identification are specialized aspects of relevancy that are necessary conditions precedent to admissibility. 5 J. Weinstein & M. Berger, *Weinstein's Evid.* ¶ 901(a) [02] at 901-18 (1978); 11 J. Moore & H. Bendix, *Moore's Fed. Prac.* § 901.01[3.-1]-(a) at IX-7 (2d ed. 1982). Rule 901(a) only requires that the proponent of documentary evidence make a showing sufficient to permit a reasonable juror to find that the evidence is what its proponent claims. *United States v. Sutton,* 426 F.2d 1202, 1207 (D.C. Cir. 1969).

The only witnesses listed by the Government regarding the video are FBI Agents who cannot possibly testify that the CCT photos provide a fair representation of that which they purport to depict, as they were not present when the video was taken.

Even if the Government proffered a competent witness in this regard, which it cannot, the CCT photos in question were time-lapsed. Accordingly, the photos on their face do not fairly and accurately depict the events in question The photos offer nothing to fairly and accurately depict

that the defendant committed a crime, or to prove any other issue in the case. Rather, the inexorable conclusion from viewing the time lapse is that the photos do not record what occurred on the night in question.

Although the admission of photographic and video evidence is generally left to the trial judge's discretion, a proper foundation and authentication is a necessary predicate to the admission of such evidence.

Date: June 13, 2022                                     Respectfully submitted,


                                          /s/ John M. Pierce
                                          John M. Pierce
                                          **JOHN PIERCE LAW P.C.**
                                          21550 Oxnard Street
                                          3rd Floor, PMB#172
                                          Woodland Hills, CA 91637
                                          (213) 279-7846
                                          jpierce@johnpiercelaw.com

                                          *Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, June 14, 2022, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ John M. Pierce
John M. Pierce