UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 21-cr-00303-ABJ |
| | ) | |
| DEBORAH LEE | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT DEBORAH LEE'S MOTION FOR CHANGE OF VENUE**

    John M. Pierce
    John Pierce Law, P.C.
    2550 Oxnard Street
    3rd Floor, PMB# 172
    Woodlands, Hills, CA 91367
    jpierce@johnpiercelaw.com
    (213) 279-7648

    *Attorney for Defendant*

1

NOW COMES, Defendant DEBORAH LEE, by and through her counsel of record, John M. Pierce, Esq., and respectfully request this Honorable Court, pursuant to Fed. R. Crim. P. 21(a) for an order transferring the trial of this proceeding to another jurisdiction.

The Fifth and Sixth Amendment of the United States Constitution entitle criminal defendants to a fair trial by an impartial jury. *See In re Murchison*, 349 U.S. 133, 136 (1955). "The theory in our system of law is that conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence[.]" *Patterson v. Colorado*, 205 U.S. 454, 462 (1907). Justice Hugo Black observed that the American justice system "has always endeavored to prevent even the probability of unfairness." *Id.* Accordingly, Federal Rule of Criminal Procedure 21(a) instructs that district courts "must transfer the proceeding . . . if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." In some cases, a potential jury pool can be determined to be irredeemably biased when the alleged crime results in "effects . . . on [a] community [that] are so profound and pervasive that no detailed discussion of the [pretrial publicity and juror partiality] evidence is necessary." *United States v. McVeigh*, 918 F. Supp. 1467, 1470 (W.D. Okla. 1996). Indeed, the court in *McVeigh* summarily concluded that a trial of the Oklahoma City bombing suspects in federal court in Oklahoma City would be fundamentally constitutionally unfair. *Id.*; *see also Murphy v. Fla.*, 421 U.S. 794, 802 (1975) ("Even these indicia of impartiality [during voir dire] might be disregarded in a case where the general atmosphere in the community or courtroom is sufficiently inflammatory."). "[W]here there is a reasonable likelihood that prejudicial news prior to trial will prevent a fair trial, the judge should continue the case until the threat abates, or transfer it to

2

another county not so permeated with publicity." *Sheppard v. Maxwell*, 384 U.S. 333, 362-363 (1966).

When the threatened harm is prejudice to a fair trial, a number of alternatives less restrictive of expression may be available, which include:

> (a) change of trial venue to a place less exposed to . . . intense publicity . . . ; (b) postponement of the trial to allow public attention to subside; (c) searching questioning of prospective jurors . . . to screen out those with fixed opinions as to guilt or innocence; (d) the use of emphatic and clear instructions on the sworn duty of each juror to decide the issues only on evidence presented in open court(;) (e) sequestration of jurors (to) . . . enhance() the likelihood of dissipating the impact of pretrial publicity and emphasize() the elements of the jurors' oaths.

*In re Halkin*, 598 F.2d 176, 195, (D.C. Cir. 1979) (citing *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 563-64 (1976). In *Irving v. Dowd*, the Supreme Court presciently observed:

> In the ultimate analysis, only the jury can strip a man of his liberty or his life. In the language of Lord Coke, a juror must be as "indifferent as he stands unsworne." His verdict must be based upon the evidence developed at the trial. This is true, regardless of the heinousness of the crime charged, the apparent guilt of the offender or the station in life which he occupies.

366 U.S. 717, 722 (1961) (citations omitted).

Nor are juror declarations of impartiality during *voir dire* absolute. Where pervasive pretrial publicity has "inflamed passions in the host community" and "permeat[es] the trial setting . . . [such] that a defendant cannot possibly receive an impartial trial," the district court must presume local prejudice and transfer the proceeding. *United States v. Quiles-Olivo*, 684 F.3d 177, 182 (1st Cir. 2012). *Cf. Mu'Min v. Virginia*, 500 U.S.

415, 429-430 (1991) ("Under the constitutional standard, on the other hand, 'the relevant question is not whether the community remembered the case, but whether the jurors . . . had such fixed opinions that they could not judge impartially the guilt of the defendant.'" (citing *Patton v. Yount*, 467 U.S. 1025, 1035 (1984))).

The basis for the transfer is due to the numerous and inflammatory news media reports concerning the defendant and the events of January 6, 2021—because of such reports, there exists in the United States District Court for the District of Columbia, where the prosecution of this case is pending, such a great prejudice against the defendant that the defendant cannot obtain a fair and impartial trial at any place fixed by law for holding court in that district.

All news sources have given close scrutiny to the defendant's arrest and to all subsequent events in this case, in an attempt to secure defendant's conviction. Such coverage vastly exceeds the privileges of the news media arising from the First Amendment, as is shown by the newspaper articles and radio and television news broadcasts covering the period since January 6, 2021, daily.

As a result of the nature and amount of the news media coverage in this matter, and the number of persons in the District of Columbia regularly reading, viewing, and hearing the news media in proportion to the area's total population, it appears that virtually every household in the District of Columbia, and thus virtually every prospective juror, has been exposed to a constant barrage of inflammatory accounts, detailing in a manner highly prejudicial to the defendant every occurrence in this matter that has arisen since the defendant's arrest.

4

Dated: June 13, 2022              Respectfully Submitted,

                                              /s/ John M. Pierce
                                              John M. Pierce
                                              John Pierce Law, P.C.
                                              2550 Oxnard Street
                                              3rd Floor,  PMB# 172
                                              Woodlands, Hills, CA 91367
                                               jpierce@johnpiercelaw.com
                                              (213) 279-7648

                                              *Attorney for Defendant*

Dated: June 13, 2022              Respectfully Submitted,

                                             /s/ John M. Pierce
                                             John M. Pierce
                                             John Pierce Law, P.C.
                                             2550 Oxnard Street
                                             3rd Floor,  PMB# 172
                                             Woodlands, Hills, CA 91367
                                             jpierce@johnpiercelaw.com
                                             (213) 279-7648

                                             *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, John M. Pierce, hereby certify that on this day, June 14, 2022, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ John M. Pierce
John M. Pierce