UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 1:21-cr-00303-2 (ABJ) |
| v. | : | |
| | : | |
| DEBORAH LYNN LEE, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant Deborah Lynn Lee, who is charged in this case for her participation in the January 6, 2021 riot at the United States Capitol, has moved to dismiss "the information filed in this action" ("MTD") on the grounds of vagueness. (ECF 67 at 2.) *See also id*. ("The information, and each count of it, fails to allege facts sufficient to constitute an offense against the United States or the laws thereof.") But she does not explain why any of the four counts in the pending Superseding Information ("Information"), much less all, are vague.

Lee's motion is entirely conclusory and bereft of any relevant authority or analysis. As such, this Court should deny it out-of-hand. *See United States v. Caraballo-Cruz*, 52 F.3d 390, 393 (1st Cir. 1995) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); *United States v. Hughson*, 488 F. Supp. 2d 835, 841 n.2 (D. Minn. 2007) (denying motion to dismiss "[s]ince Hughson offers no more than a conclusory argument that dismissal of the perjury Count requires a dismissal of the obstruction of justice Count"); *United States v. Martin*, No. 1:98-CR-329-RCL, 2022 WL 1618869, at *11 (D.D.C. May 23, 2022) (Lamberth, J.) (denying relief under 28 U.S.C. § 2255; "conclusory arguments may be summarily dismissed") (quoting *Mitchell v. United States*, 841 F. Supp. 2d 322, 328 (D.D.C. 2012) and *United States v. Geraldo*, 523 F. Supp. 2d 14, 22 (D.D.C. 2007)). But even

if the Court elects to delve into the MTD, it should find it woefully inadequate to justify dismissal of any of the counts of the Information.

**BACKGROUND**

As previously summarized in the Government's response to other pre-trial motions filed by Lee (ECF No. 72), on January 6, she traveled with her codefendant, Michael Rusyn, from central Pennsylvania to Washington, D.C. to attend the former President's rally. She then marched to the United States Capitol Building, arriving by 2:20 p.m. on a landing on the east side of the building, just outside the door leading into the Capitol Rotunda. At about 2:24 p.m., rioters inside the Capitol forced those doors open and Lee was among a crowd that pushed through those doors and into the Capitol. Lee proceeded into and through the Rotunda, into Statuary Hall, and then into a small "connector" hallway leading to the main entrance to the House of Representatives Chamber. She was present in that hallway as the crowd overwhelmed the line of police officers attempting to hold it back. She moved with the crowd to occupy the anteroom in front of the House chamber. That crowd dispersed about ten minutes later, after the police apparently deployed smoke canisters. Lee walked through other nearby hallways and eventually back into the Rotunda. She left at some point after 2:57 p.m. through the same eastern Rotunda doors she had entered. There, on the landing, Lee crowed that she and other members of the crowd "fucking did it," estimated that she was inside for about an hour, and responded "awesome" to another rioter's story of their entry into the Capitol.

The Information charged Lee with four misdemeanors: Entering or Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); Disorderly

Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

## ARGUMENT

Lee's vagueness challenge is meritless. The void for vagueness doctrine is narrow. The challenger must overcome the "strong presumptive validity that attaches to an Act of Congress," which has led the Supreme Court "to hold many times that statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language." *United States v. Nat'l Dairy Products Corp.*, 372 U.S. 29, 32 (1963). A statute is not void for vagueness simply because its applicability is unclear at the margins, *United States v. Williams*, 553 U.S. 285, 306 (2008), or because a reasonable jurist might disagree on where to draw the line between lawful and unlawful conduct in particular circumstances, *Skilling v. United States*, 561 U.S. 358, 403 (2010). Rather, a statute is impermissibly vague only if it requires proof of an "incriminating fact" that is so indeterminate as to invite arbitrary and "wholly subjective" application. *Williams*, 553 U.S. at 306; *see Smith v. Goguen*, 415 U.S. 566, 578 (1974). The "touchstone" of the vagueness analysis "is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *United States v. Lanier*, 520 U.S. 259, 267 (1997).

A proper vagueness challenge, then, *must* turn on the precise wording of the challenged statute and explain why the statutory text fails to give a person of reasonable intelligence adequate notice that their charged conduct violated the statute. *See City of Chicago v. Morales*, 527 U.S. 41, 56 (1999) (the definition of "loitering" in the challenged ordinance as "to remain in any one place with no apparent purpose" was unconstitutionally vague); *United States v. Chhun*, 744 F.3d 1110, 1117 (9th Cir. 2014) ("Chhun's void for vagueness argument fails because, as discussed above,

3

the statute's text is clear and unambiguous. A reasonable person would have no difficulty recognizing what conduct § 956(a) prohibits.").

Here, Lee declines to identify *any* portion of the text of *any* of the four statutes she is charged with violating that would create confusion in the mind of a reasonable person about the boundary between lawful and unlawful conduct. She apparently expects the Court and the government to undertake that task. But this Court should "not do [Lee's] work for [her]." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 757 (7th Cir. 2010); *Meschino v. N. Am. Drager, Inc.*, 841 F.2d 429, 436 (1st Cir. 1988) ("We will not do counsel's work for him.").

Lee declines to mention that Judges Friedman, Bates, Kelly, McFadden, and Cooper have all rejected vagueness challenges to 18 U.S.C. 1752(a)(1) and (a)(2). *United States v. Puma*, __ F. Supp. 3d __, 2022 WL 823079, at *3 (D.D.C. Mar. 19, 2022) ("This Court concludes that … 18 U.S.C. § 1752 [is] not unconstitutionally vague.") (Friedman, J.); *United States v. Bozell*, No. 21-CR-216 (JDB), 2022 WL 474144, at *9 (D.D.C. Feb. 16, 2022) ("§ 1752 "is clear[,] gives fair notice of the conduct it punishes, and [does not] invite arbitrary enforcement."); *United States v. Nordean*, No. CR 21-175 (TJK), 2021 WL 6134595, at *19 (D.D.C. Dec. 28, 2021) (§ 1752(a)(1) and (a)(2) are "not unconstitutionally vague"); *United States v. Griffin*, 549 F. Supp. 3d 49, 57 (D.D.C. 2021) ("This law is no trap awaiting the unwary.") (McFadden, J.); *United States v. Caputo*, 201 F. Supp. 3d 65, 72 (D.D.C. 2016) ("18 U.S.C. § 1752(a)(1) is … not void for vagueness.") (Cooper, J.). Lee does not identify any judicial decision from any district holding to the contrary, nor any decision holding 40 U.S.C. § 5104(e)(2)(D) or (G) void for vagueness.

In addition to vagueness, Lee appears to raise two other claims. First, she fleetingly states that the Information "fails to contain a plain, concise, and definite written statement of the essential facts constituting the offense." ECF 67 at 3. She is presumably invoking the standard of Federal

4

Rule of Criminal Procedure 7(c)(1). But Lee does not dispute that, for each count, the Information "contains the elements of the offense charged and fairly informs [Lee] of the charge against which [s]he must defend, and … enables [her] to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (cleaned up) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). She thus effectively concedes that the Information satisfies Rule 7(c)(1).

Second, Lee's drive-by contention that the Information "was based on incompetent and insufficient evidence" and lacked "substantial or rationally persuasive evidence," ECF 67 at 3, does not advance a legally cognizable—let alone sufficient—basis for dismissal. *See United States v. Ballestas*, 795 F.3d 138, 149 (D.C. Cir. 2015) ("When considering a motion to dismiss an indictment, a court assumes the truth of those factual allegations."); *United States v. Stewart*, 744 F.3d 17, 21 (1st Cir. 2014) ("At the indictment stage, the government need not 'show,' but merely must allege, the required elements"; "courts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations.").

## CONCLUSION

For the foregoing reasons, this Court should deny Lee's Motion to Dismiss.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052

By:    */s/ Michael J. Romano*
    MICHAEL J. ROMANO
    IL Bar No. 6293658
    Trial Attorney, Detailee
    555 4th Street, N.W.
    Washington, D.C. 20530
    Telephone No. (202) 307-6691
    michael.romano@usdoj.gov