UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 1:21-cr-00303-2 (ABJ) |
| v. : | |
| : | |
| DEBORAH LYNN LEE, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION IN LIMINE REGARDING INFLAMMATORY WORDS AND PHRASES

Defendant Deborah Lynn Lee, who is charged in connection with events at the U.S. Capitol on January 6, 2021, has moved *in limine* for an order precluding the government and its witnesses from using terms and phrases that she views as inflammatory. But in essence, she asks for the government to sterilize its language in describing the defendant's crime. Indeed, many of the terms that Lee takes issue with are fair descriptors of the riot, and the Court should deny her motion.

Lee argues that the probative value of such words and phrases would be substantially outweighed by the danger of unfair prejudice. (ECF No. 70 at 2.) Evidence or language is unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Sanford Ltd.*, 878 F. Supp. 2d 137, 143 (quoting Fed. R. Evid. 403, advisory committee's note).

By their very nature, criminal charges involve an accusation that someone has wronged another person, or has wronged society—thus, by their nature, criminal charges arouse emotion. And there is nothing improper about that. "[T]here is no rule [of evidence or ethics] requiring the prosecutor to use a euphemism for [a crime] or preface it by the word 'alleged.'" *Guam v. Torre*, 68 F.3d 1177, 1180 (9th Cir. 1995). When a prosecutor's comments fairly characterize the offense, fairly characterize the defendant's conduct, and represent fair inferences from the evidence, they

are not improper. *See United States v. Rude*, 88 F.3d 1538, 1548 (9th Cir. 1996) (rejecting defense complaints about the prosecutor's use of "victim," "deceit," "misrepresentation," "falsehoods," "fictitious business entity," "outlandish," "gibberish," and even "charlatan" and "scam"). Indeed, while cautioning against prosecutorial misconduct in *United States v. Berger*, the Supreme Court simultaneously recognized that "The United States Attorney . . . may prosecute with earnestness and vigor -- indeed, he should do so." *Berger*, 295 U.S. 78, 88 (1935).

Here, the government should not be required to water down its language or the language of those witnesses testifying in the government's case-in-chief to step gingerly around the significance of Lee's crimes. The riot on January 6, 2021, was in fact an attack on the United States Capitol, the government of the United States, and American democracy, as judges on this Court have recognized. *See, e.g.*, *United States v. Mostofsky*, 1:21-cr-138 (JEB), Sent. Tr. at 40-41, May 6, 2022 (describing the riot as an "attack," describing the Capitol as "overrun," and describing Mostofsky and other rioters as engaged in "an attempt to undermine [our] system of government."); *United States v. Rubenacker*, 1:21-cr-193 (BAH), Sent. Tr. at 147-48, May 26, 2022 (describing the defendant as "part of this vanguard of people storming the Capitol Building" as part of the initial breach, and finding that his conduct "succeeded, at least for a period of time, in disrupting the proceedings of Congress to certify the 2020 presidential election."); *United States v. Languerand*, 1:21-cr-353 (JDB), Sent. Tr. at 33-34, January 26, 2022 ("the effort undertaken by those who stormed the Capitol . . . involved an unprecedented and, quite frankly, deplorable attack on our democratic institutions, on the sacred ground of the United States Capitol building, and on the law enforcement officers who were bravely defending the Capitol and those democratic values against the mob of which the defendant was a part."). None of this language was hyperbole; rather, these findings used vivid and violent language because they described a violent event. So, too, will

prosecutors need to use accurate language—and not euphamisms—to describe the nature and gravity of Lee's conduct.

Lee argues that it would be unfair to use words like terrorism, sedition, and treason at trial. The government does not anticipate that it would describe her conduct, at trial, as terroristic, seditious, or treasonous, though defense arguments that minimize the severity of January 6—or that accuse the government by overreacting in treating this event as domestic terrorism—might require a response that employs them.

## **CONCLUSION**

For the foregoing reasons, the defendant's motion *in limine* regarding the government's use of language should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Michael J. Romano*
MICHAEL J. ROMANO
IL Bar No. 6293658
Trial Attorney, Detailee
555 4th Street, N.W.
Washington, D.C. 20530
Telephone No. (202) 307-6691
michael.romano@usdoj.gov