UNITED STATES DISTRICT FOR THE DISTRICT
OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Case No. 21-cr-00303-ABJ |
| ) | |
| DEBORAH LEE ) | |
| ) | |
| Defendant ) | |

**JOHN M. PIERCE'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

John M. Pierce hereby files this Response to the Court's Order To Show Cause dated July 21st, 2022, and, for the reasons stated herein, respectfully requests that the Court not strike his appearance pursuant to Local Criminal Rule 44.1(f).

1. I profoundly apologize to the Court for not being present at the hearing dated July 21st 2022. It was not my intention (and never would be) to insult or disrespect the Court in any way, shape or form by my lack of appearance. This was an honest mistake based on my own misunderstanding, as set forth in more detail below. In sum, based on previous experience in other January 6th cases, I was under the belief (mistaken, obviously), that it was sufficient if another experienced attorney familiar with the Defendant appeared. I will ensure this does not happen again.

2. Although I should have realized it much earlier, on July 13, 2022, it became apparent to me that there was a serious scheduling conflict that I had on the date initially scheduled for the hearing at issue, July 18, 2022. I had both this hearing scheduled in-person at 2 p.m. ET in the District of Columbia, as well as what I anticipated to be a very lengthy dispositive motions hearing in the Circuit Court of Virginia for Spotsylvania County in the matter of *Cory v. Thompson, et al.*, case number CL22-971. The calendar time for the

*Cory* hearing was 9 a.m. However, because it involved numerous motions including dispositive motions filed by numerous parties, and because the Virginia state court would have its typical trial-setting and motions calendar heard that day involving many cases, it was clear that the hearings in the *Cory* matter would consume most of the day, and that it would be impossible for me to get to the District of Columbia by 2 p.m. In addition, it was clear to me that it would be, practically speaking, impossible to prepare for both sets of hearings on the same day in any adequate way.

3. I conferred with the government, which extended me the professional courtesy of indicating it would not oppose a motion to continue. I filed a motion to continue later that day.

4. The following day, July 14, 2022, the Courtroom Deputy e-mailed counsel to inquire as to possible alternative scheduling arrangements. I indicated that Thursday, July 21, 2022, would work for my schedule and also requested a hearing by video conference due to cost concerns for both myself and the Defendant. The Court graciously accommodated these requests, and re-scheduled the hearing for 10 a.m. ET on July 21, 2022.

5. The *Cory* hearing did, indeed, commence much later than the 9 a.m. ET scheduled time (I believe the hearing on the matter commenced at approximately 10:45 a.m. or 11:00 a.m. ET). That is because the state court had many trial-setting and simpler motion hearings to attend to, and the *Cory* matter was by far going to be the lengthiest and most complex of the day. The hearing lasted approximately 4 or 5 hours, concluding in the mid-afternoon.

6. I intended to prepare for and attend the hearing on this matter on July 21, 2022. However, it became clear throughout the following days that I was overwhelmed with obligations

on numerous other matters (mostly civil) in which I represent hundreds of other clients in various cases either pending or yet to be filed across the country.

7. Because of this, I thought it would be better to have another attorney who was familiar with the Defendant appear at the hearing. I have co-counseled on numerous January 6th cases with William Shipley, an extremely experienced former federal prosecutor. Mr. Shipley previously had discussions with the Defendant regarding her case, and he graciously agreed to appear for the July 21, 2022 hearings. Mr. Shipley entered a notice of appearance and appeared at the hearing.

8. In each of my prior experiences in this Court on the more than couple dozen January 6th cases in which I have been involved, when an attorney of record appeared at a hearing but other attorneys of record in the same matter had not, there had not been an issue regarding the non-appearance of the other attorneys. I simply assumed that would be the case here, and so I did not appear, and rather spent that time working on my many other case obligations.

9. Obviously I was wrong in my judgment, and I sincerely apologize to the Court. I should have realized that because the Court had made specific accommodations in re-scheduling the matter based upon my request, schedule and consent, I should have appeared. I will not make the same mistake again.

10. It is probably fair to say that I have over-extended my schedule and my physical capacity over the past two years or more, including the *State of Wisconsin v. Rittenhouse* and the many January 6th cases I have taken on. I hope the Court will understand that this is primarily because I have considered it an important obligation of an American lawyer to stand for those who are most in need. Regardless, everyone has limits. I have taken steps

to begin culling my caseload and to obtain additional administrative and substantive assistance.

11. With the utmost respect, I request the Court not strike my appearance in this matter pursuant to Local Criminal Rule 44.1(f). I honestly had no intent to violate any rule, Court order or etiquette. In approximately 21 years of practice, I never have done so and never would do so. I have the utmost respect for this Court and its rules. Again, I earnestly submit that I will not make the same mistake again in this or any other matter before this Honorable Court.

Dated: July 28th, 2022

Respectfully submitted,

**JOHN PIERCE LAW P.C.**

*/s/ John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor PMB #172
Woodland Hills, CA 91367
P: (213) 349-0054
jpierce@johnpiercelaw.com