# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. Action No. 21-0303-2 (ABJ) |
| ) | |
| DEBORAH LYNN LEE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## <u>ORDER</u>

Defendant Deborah Lynn Lee is scheduled to go to trial on May 20, 2024 on a five-count

indictment related to her alleged conduct at the U.S. Capitol on January 6, 2021.  Count One

charges her with obstruction of an official proceeding and aiding and abetting in violation of 18

U.S.C. §§ 1512(c)(2) and 2.  Superseding Ind. [Dkt. # 93] ("Indictment") at 1.[1]  Defendant has

filed a motion to stay the proceedings in this case pending the Supreme Court's decision in *United

States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, 144 S. Ct. 537 (Dec. 13, 2023),

which will review the D.C. Circuit's determination that section 1512(c)(2) has been properly

applied to the January 6 efforts to obstruct the Congressional certification of the electoral college

votes.  Lee argues that *Fischer* is "a case that is anticipated to provide guidance on legal issues

that have been presented in this case, and which are fundamental to the [d]efendant's sentencing."

Def.'s Mot. to Stay [Dkt. # 111] ("Mot.") at 1.  The government opposes the motion, arguing that

---

1       Defendant is also charged with four misdemeanor offenses: Entering and Remaining in a
Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(1) (Count Two); Disorderly
and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(2)
(Count Three); Disorderly Conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D)
(Count Four); and Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40
U.S.C. § 5104(e)(2)(G) (Count Five).  *See* Indictment at 1-3.

the relevant factors weigh against a stay.  *See* Gov't's Opp. to Mot. ("Opp.") [Dkt. # 112].  For the reasons set forth below, defendant's motion to stay her trial will be **DENIED**.  However, if she is convicted on Count One, which is the only felony charged in the case, the Court will take the status of the *Fischer* case into account when scheduling the sentencing.

A stay "is not a matter of right," but "an exercise of judicial discretion."  *Nken v. Holder*, 556 U.S. 418, 433 (2009), quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926). The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket," *Clinton v. Jones*, 520 U.S. 681, 706 (1997), and "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Nken*, 556 U.S. at 433–34, citing *Clinton*, 520 U.S. at 708; *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).

The Court agrees with the other courts in this district that have found that the *Nken* factors weigh against staying January 6 trials on the 1512(c)(2) count pending the Supreme Court's decision.  *See, e.g.*, Order at 2, *United States v. Carnell*, No. 23-cr-139 (BAH) (D.D.C. Jan. 4, 2024) [Dkt. # 75] (applying *Nken* factors to deny a defendant's motion to stay his trial pending the Supreme Court's ruling in *Fischer*); Minute Entry, *United States v. Nichols*, No. 21-cr-117 (RCL) (D.D.C. Dec. 21, 2023) (denying motion to continue trial pending the Supreme Court's ruling in *Fischer*); Hearing Transcript at 43:16–19, *United States v. Dunfee*, No. 23-cr-36 (RBW) (D.D.C. Dec. 14, 2023) [Dkt. # 60] (same).

While the defendant characterizes her motion as a request for a stay, she devotes the bulk of her pleading to relitigating the merits of the motions to dismiss which the Court denied on two occasions.  *See* Order at 17, *United States v. Lee*, No. 21-cr-303-2 (D.D.C. Aug. 14, 2023) [Dkt. # 107] (denying defendant's motion to dismiss, noting that "this Court has already addressed why

each of the counts she is charged with is constitutionally sound, both in this case and others"),

citing Hearing Transcript at 8-9, *United States v. Lee*, No. 21-cr-303-2 (D.D.C. July 21, 2022)

[Dkt. # 86] (denying defendant's motion to dismiss on vagueness grounds for the reasons stated

on the record).  These rulings require no reconsideration since the D.C. Circuit soundly rejected

the defendant's theory when it found that section 1512(c)(2) covered the conduct at the U.S.

Capitol on January 6, 2021.  *See Fischer*, 64 F.4th 329 (agreeing that the indictment, similar to the

one in this case, sufficiently alleged that defendant "corruptly" obstructed, influenced, and

impeded an official proceeding); *United States v. Robertson*, 86 F.4th 355 (D.C. Cir. 2023)

(affirming *Fischer*'s holding).

More importantly for purposes of this motion, defendant fails to show that she will be

"irreparably injured absent a stay." *Nken*, 556 U.S. at 434.  Defendant's primary concern appears

to be related to sentencing:

> On December 13, 2023, the United States Supreme Court granted certiorari
> in *Fisher* [sic], a case that is anticipated to provide guidance on legal issues
> that have been presented in this case, and which are fundamental to the
> Defendant's sentencing. . .The Defendant will suffer substantial hardship if
> she is required to serve prison time in this case when the Supreme Court is
> currently reviewing the very issues faced by Lee, in *Fischer*. Indeed, the
> time and resources that will be expended in addressing defendant's direct
> appeal, and underlying merits of the case undoubtedly will impose a heavy
> burden on the defendant and the Court.

Mot. at 1.[2]  But her concerns can be alleviated without the need for a stay.

While the Supreme Court has granted certiorari in *Fischer*, any decision overruling the

D.C. Circuit will only affect this case if the defendant is convicted of the felony count.  As the

government notes, given that the trial is scheduled for May 20, 2024, and sentencing would not

---

2       Indeed, defendant goes on to argue that defendant's "*sentencing* should be stayed," Mot.
at 2 (emphasis added), not the proceedings.

occur until three months later, even in the absence of a stay, it is not likely that the defendant would begin serving her sentence before *Fischer* is decided by the end of June.  Opp. at 4.  Moreover, any ruling with respect to section 1512(c)(2) would not affect the four misdemeanor charges on which defendant still needs to be tried.  But if the defendant is convicted of the obstruction charge, and the Supreme Court has not yet ruled, the Court will take the status of that case into account when scheduling the sentencing.  Therefore, the defendant will not suffer any harm in the absence of a stay.

On the other hand, an issuance of the stay would adversely affect the public interest.  The alleged conduct in this case occurred over three years ago; defendant was first charged over two-and-a-half years ago, *see* Complaint [Dkt. # 2]; the superseding indictment was returned nearly a year ago, *see* Indictment at 1; and the trial date was proposed by busy counsel over six months ago.  *See* Min. Entry (Aug. 25, 2023).  A stay would not only undermine the Court's interest in preventing backlogs in its criminal docket, but it would impair the interests of the government and the public in the speedy disposition of the charges arising out of the defendant's role in the events at the U.S. Capitol on January 6.  *See Carnell*, No. 23-cr-139 at 3-4, 6.

For all of these reasons, it is **ORDERED** that defendant's motion to stay [Dkt. # 111] is **DENIED**.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE: March 6, 2024