UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEBORAH LYNN LEE,<br><br>Defendant. | Case No. 21-CR-303 (ABJ) |

### GOVERNMENT'S RESPONSE TO COURT'S JULY 1, 2024 ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Court's July 1, 2024 Minute Order issued subsequent to the decision in *Fischer v. United States*, 603 U.S. ___, 2024 WL 3208034 (June 28, 2024). The Court ordered that the Government state its position on how *Fischer* affects this case.

### BRIEF PROCEDURAL HISTORY

On April 5, 2023, Lee was indicted on five counts, including Count One: 18 U.S.C. § 1512(c)(2) and 2. Current defense counsel, William Shipley Jr., withdrew from the case on April 8, 2023. On August 25, 2023, the Court set a trial date for May 20, 2024.

On April 10, 2024, current defense counsel filed a motion to substitute back onto the case. The Court granted this motion and reset the trial for September 4, 2024. The Court scheduled the following: Joint Pretrial Statement by July 19, Exhibits by July 22, and Pretrial Conference on July 31.

### *FISCHER*

*Fischer* was litigated through the D.C. Circuit and ultimately the Supreme Court, which issued its decision on Friday, June 28, 2024. In *Fischer*, the Supreme Court held that Section

1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." Op. 8. However, the Court did not reject the application of § 1512(c)(2) to January 6 prosecutions. Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at 9, 16. The Supreme Court remanded the case to the D.C. Circuit for further proceedings. *Id.* Through those further proceedings, the court of appeals will interpret the scope of the statute further, which may include circumstances like the defendant, where the defendant intended to stop the certification proceeding and affect the voting and balloting underlying the certification. *See* Op. 16 (delineating that it would still remain a crime to attempt to impair the integrity of availability of records, documents, objects, or other things used in the proceeding); *id.* at 8 (Jackson, J., concurring) ("And it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding").

Given the remand to the Circuit and the ongoing litigation in *Fischer*, the government is still evaluating *Fischer's* impact on this and other January 6 cases. The government therefore respectfully requests that the Court postpone the remaining pretrial deadlines by four weeks to allow the government time to assess its evidence in light of *Fischer* ahead of the September 4, 2024 trial date.

                Respectfully submitted,

                MATTHEW M. GRAVES
                UNITED STATES ATTORNEY

                By:    */s/ Tighe Beach*
                        TIGHE BEACH
                        CO Bar No. 55328

ALEXANDER DIAMOND
NY Bar No. 5684634
Assistant United States Attorneys
District of Columbia
601 D St. NW
Washington, DC 20530
tighe.beach@usdoj.gov