UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | ) Case No. 21-cr-00303-ABJ<br>) |
| DEBORAH LYNN LEE., | )<br>) |
| Defendant | )<br>) |

# **DEFENDANT DEBORAH LEE'S MOTION TO DISMISS COUNT ONE OF THE SUPERSEDING INDICTMENT**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

1

NOW comes Defendant Deborah Lee by and through her undersigned counsel of record, William L. Shipley, Esq., and respectfully files this Motion to Dismiss Count One of the Indictment.

On April 4, 2023, the Government filed a Superseding Indictment against Defendant Lee, adding a violation of 18 U.S.C. Sec. 1512(c)(2). Prior to that, Defendant Lee was charged only with misdemeanor offenses. *See* ECF No. 93.

No additional discovery was provided by the defense in the aftermath of the new Indictment.

On July 22, 2024, Government Counsel Tighe Beach responded to an inquiry by undersigned counsel that "at this point" the Government would not be dismissing the Sec. 1512(c)(2) count based on the Supreme Court's decision in *Fischer v. United States*.

> **Beach, Tighe (USADC)**     Mon, Jul 22, 10:09 AM (23
> to Alexander, me
>
> Good afternoon Bill,
>
> We will not dismiss the 1512 charge at this point. We appreciate your communication and look forward to your motion.
>
> Best,

Prior to the Superseding Indictment, this matter was assigned to the docket of Magistrate Judge Zia M. Faruqui. The Government's position is a transparent effort to not have the September 4, 2024, trial date compromised by the possibility that this matter could be moved back to Magistrate Faruqui and reset for trial at a future date.

1. Claims based on 18 U.S.C. Sec. 1512(c)(2) fail to meet the standard set by the United States Supreme Court in *United States v. Fischer.*

      a. Legal Standard for Determining Motions to Dismiss As A <u>Matter of Law</u>.

Before trial, a criminal defendant may move to dismiss a charge based on a "defect in the indictment." Fed R. Crim. P. 12(b)(3)(B). "The operative question is whether the allegations in the indictment, if proven, permit a jury to conclude that the defendant committed the criminal offense as charged." *United States v. Akinyoyenu*, 199 F. Supp. 3d 106, 109 (D.D.C. 2016). The Court's analysis is limited to the language in the Indictment and the language of the statute alleged to have been violated. *Id.* at 109-10.

Defendant Lee challenges the application of 18 U.S.C. 1512(c)(2) as it relates to the conduct alleged in the indictment based on the now narrower scope as set forth by the Supreme Court in *United States v. Fischer*.

On June 28, 2024, the United States Supreme Court issued the following ruling in *United States v. Fischer*

> To prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so.

603 U.S. \_\_\_\_(2024).

This motion is being made in conjunction with motions for a bill of particulars and for discovery under Rule 16.

At the time of the Superseding Indictment, the Government was persisting it its interpretation of Sec. 1512(c)(2) as a "catch-all" provision that

3

swept within its prohibition "corrupt" conduct of any type or manner intended to "obstruct" the Congressional proceedings on January 6.

*Fischer* has dramatically narrowed the application of Sec. 1512(c)(2) to the events of January 6. The holding requires the Government to prove some form of "impairment" of an item, object, or thing of "evidentiary value" to the proceeding in question -- in this case the certification of the election on January 6, 2021.

The Superseding Indictment filed April 4, 2023, alleges the following:

COUNT ONE

> On or about January 6, 2021, within the District of Columbia and elsewhere, Deborah Lynn Lee, … attempted to, and did corruptly, obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. Secs 15-18.

The language of the indictment does not reflect a criminal offense based on the now narrower interruption of the statute's prohibited conduct as required by *Fischer*. The Government provided no additional discovery following the Superseding Indictment – in fact, it acknowledged to prior counsel that it presented no additional evidence to the Grand Jury when it secured the Superseding Indictment. Based on *Fischer*, Count One should be dismissed.

Dated: July 23, 2024               Respectfully submitted,

                                   /s/ William L. Shipley

William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

5